UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:25-cv-01816-SSS-RAOx | | Date | June 10, 2026 |
|---|---|---|---|---|
| Title | *Crown Packaging Corp. v. LeVecke Corporation* | | | |

Present: The Honorable    SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER STRIKING ANSWER [DKT NO. 11]; DIRECTING PLAINTIFF TO SEEK DEFAULT AND DEFAULT ENTRY; AND DENYING MOTION FOR SUMMARY JUDGMENT AS MOOT [DKT. NO. 22]**

On April 30, 2026, the Court granted the Motion to be Relieved as Counsel of Record filed by Ferguson Braswell Fraser Kubasta PC, then counsel of record for Defendant LeVecke Corporation.  [Dkt. No. 27].  In that Order, the Court directed LeVecke to retain substitute counsel and to have that counsel file a notice of appearance no later than May 30, 2026.  [*Id.*].  The Court reminded LeVecke that, as a corporation, it cannot appear in this Court pro se and that a failure to retain substitute counsel by that deadline could result in the entry of default, default judgment, or other sanctions, including any relief sought in Plaintiff's pending Motion for Summary Judgment being granted as unopposed.  [*Id.*].  Withdrawing counsel served the April 30, 2026 Order on LeVecke and on its assignee, LeVecke (ABC), LLC, on April 30, 2026, and May 1, 2026.  [Dkts. No. 28, 29].

On May 13, 2026, the Court continued the hearing on Plaintiff's Motion for Summary Judgment and again reminded LeVecke that its failure to retain substitute counsel by May 30, 2026, could result in the entry of default and default judgment.  [Dkt. No. 30].  As the Court repeatedly reminded Defendant, a

CIVIL MINUTES—
GENERAL    Initials of Deputy Clerk iv

corporation cannot appear in this Court pro se. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993); *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973–74 (9th Cir. 2004); *see also* L.R. 83-2.2.2 ("No organization or entity of any other kind . . . may appear in action or proceeding unless represented by an attorney . . . .").

The Ninth Circuit has recognized default as a permissible failure to comply with local rules requiring representation by counsel. *See Emp. Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993, 998 (9th Cir. 2007); L.R. 83-2.2.4 ("Failure to comply with the rules enumerated in L.R. 83-2.2.3 may be grounds for dismissal or judgment by default."). Defendant was twice warned of these consequences and afforded the period set by this Court's Order to obtain substitute counsel, and it has not done so. [Dkts. No. 27, 30].

In its status report, Plaintiff requests that this action be resolved by granting its pending Motion for Summary Judgment as unopposed. [Dkt. No. 32]. However, the Court does not elect to grant a motion for summary judgment based solely on Defendant's failure to file an opposition. The Court must still satisfy itself that the movant has met its burden under Rule 56. *See Heinemann v. Satterberg*, 731 F.3d 914, 916–17 (9th Cir. 2013) (holding that the plaintiff's failure to file an opposition to summary judgment motion did not warrant granting defendant summary judgment by default even if the local rule permitted courts to deem a non-movant's failure to respond a complete abandonment of its opposition to summary judgment).

LeVecke's failure to retain counsel by the May 30, 2026 deadline independently warrants striking its Answer, and resolving this action through the default procedures of Rule 55 in light of LeVecke's former counsel's withdrawal from the litigation.

As such, the Court **STRIKES** Defendant's Answer. [Dkt. No. 11]. No later than **sixty (60) days** from the date of this Order, the Court **DIRECTS** Plaintiff to seek entry of default against Defendant and subsequently file a motion for default judgment. Plaintiff's Motion for Summary Judgment is thus **DENIED WITHOUT PREJUDICE** as moot, and the hearing currently set for July 31, 2026, is **VACATED**. [Dkt. No. 22]. The Court **DIRECTS** Plaintiff to serve a copy of this Order on LeVecke Corporation and LeVecke (ABC), LLC as assignee, at their last known addresses within **seven (7) days**, and file a proof of service.

**IT IS SO ORDERED.**

CIVIL MINUTES— GENERAL

Initials of Deputy Clerk iv