Joshua T. Kluewer (SBN 314105)
KLUEWER LAW P.C.
835 Wilshire Blvd. 5th Floor
Los Angeles, CA 90017
T: (213) 465-2647
E: *jkluewer@kluewerlaw.com*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CROWN PACKAGING CORP.<br><br>Plaintiff,<br><br>vs.<br><br>LEVECKE CORPORATION<br><br>Defendant. | Case No. 5:25-cv-01816-SSS-RAO<br><br>Judge: Sunshine Suzanne Sykes<br><br>Magistrate: Rozella A. Oliver<br><br>**PLAINTIFF CROWN PACKAGING CORP.'S NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT**<br><br>[Filed concurrently with Declaration of Rich Benkelman; Declaration of Jason Cassady; Declaration of Paul Mason; Declaration of Joshua Kluewer]<br><br>Date:  September 11, 2026<br><br>Time:  2:00 P.M.<br><br>Crtrm.: 2, 2nd Floor<br><br>Action filed: July 17, 2025<br><br>Trial Date: July 7, 2027 |

1

# **TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................. 1

II. FACTS .................................................................................................................. 2

III. LEGAL ARGUMENT ........................................................................................ 3

  a. The Procedural Requirements for This Motion Have Been Met.................... 3

  b. Default Judgment Is Warranted as Sanction for LeVecke's Violation of the Court's Orders and Local Rules ..................................................................... 5

  c. Default Judgment Is Warranted per the *Eitel* Factors .................................. 7

    i. The Standard on the Instant Motion .................................................... 7

    ii. The First *Eitel* Factor ........................................................................ 8

    iii. The Second and Third *Eitel* Factors................................................ 10

    iv. The Fourth *Eitel* Factor.................................................................... 17

    v. The Fifth *Eitel* Factor........................................................................ 19

    vi. The Sixth *Eitel* Factor ...................................................................... 21

    vii. The Seventh *Eitel* Factor.................................................................. 22

  d. Crown Packaging Has Adequately Demonstrated Its Damages................... 24

  e. Crown Packaging Is Entitled to Pre-Judgment Interest.............................. 25

IV. CONCLUSION.................................................................................................. 26

MOTION FOR DEFAULT JUDGMENT

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Ace Mold (HeFei) Company Limited v. Aliphcom,* 16-cv-06006, 2017 WL 7243393 (N.D. Cal. Dec. 8, 2017) ................................................................................ 8, 22

*Air Doctor, LLC v. Xiamen Qichuang Trade Co. Ltd.*, 134 F. 4th 552 (9th Cir. 2025) ................................................................................................................. 24

*Ameris Bank v. Marah Transportation LLC*, 8:23-cv-02337,  2024 WL 5668917 (C.D. Cal. Sept. 6, 2024) .......................................................................... 10, 11, 12

*Ameris Bank v. Soorma Trucking LLC,* 8:24-cv-02021, 2025 WL 71081 (C.D. Cal. Jan. 8, 2025) .............................................................................................. 18, 21

*Avision Technology Co. v. TMAX Digital, Inc.*, 5:24-cv-01072, 2024 WL 5185378, (C. D. Cal. Sept. 15, 2024) .................................................................................. 3

*BASF Corporation v. Downtown Main, LLC,* 5:24-cv-00101, 2025 WL 1090185, (C.D. Cal. March 25, 2025) ............................................................................... 10

*Berholtz v. P4 Meditech Analytics, LLC,* 600 F. Supp. 3d 1128 (S.D. Cal. 2022)……… ............................................................................................... 10, 12

*Blumenthal Distributing, Inc. v. Comoch Inc.*, 652 F.Supp.3d 1117, (C.D. Cal. 2023) ...................................................................................................... 22

*BMO Bank N.A. v. SBR Trucking, Inc.* et al. 5:25-cv-02146, 2026 WL 396803, (C.D. Cal. Jan. 21, 2026) .................................................................................... 8

MOTION FOR DEFAULT JUDGMENT

*Brightpoint Distribution LLC v. Aliphcom,* 16-cv-03837, 2017 WL 7310780, (N.D. Cal. Dec. 4, 2017) ............................................................................................ 8, 22

*Construction Laborers Trust Funds for Southern California Administrative Company v. Anzalone Masonry Inc.*, 316 F. Supp. 3d 1192 (C.D. Cal. 2018) …….. .............................................................................................................. 17, 19

*Craigslist Inc. v. Naturemarket Inc.,* 694 F. Supp. 2d 1039 (N.D. Cal. 2010) ....... 21

*Crosby v. Opperman,* 06-cv-2012, 2008 WL 1776505 (D. Ariz. April 15, 2008) ..... …………………………………………………………………...12, 18

*Desert Trailer Systems, Inc. v. Twenty6 Letters Corp. et al*, 17-cv-00412, 2017 WL 8117693, (C.D. Cal. Aug. 04, 2017) ............................................... 7, 9, 17, 18, 22

*Duralar Technologies LLC v. Plasma Coating Technologies Inc.*, 848 Fed. App'x. 252 (9th Cir. 2021) ..................................................................................... 23

*Eitel v. McCool* 782 F. 2d 1470 (9th Cir. 1986) .................................................... 1, 7

*Elektra Entertainment Group Inc. et al. v. Bryant*, 03-cv-6381, 2004 WL 783123 (C.D. Cal. Feb. 13, 2004) ........................................................................... 19, 24

*Employee Painters' Trust v. Ethan Enterprises, Inc.* 480 F. 3d 993 (9th Cir. 2007) .................................................................................................................. 1, 6

*Energizer Brands, LLC v. Lumintop Technology Co. Ltd. et al.*, 19-cv-04360, 2020 WL 1279456 (C.D. Cal. Feb. 3, 2020) .......................................................... 4, 5

*First Interstate Bank v. State of California*, 197 Cal. App. 3d 627 (1987) .......... 17

MOTION FOR DEFAULT JUDGMENT

*Fudy Printing Co. Ltd. v. Aliphcom, Inc.*, 17-cv-03863, 2019 WL 2180221 (N.D. Cal. March 7, 2019) ................................................................ 10

*Geddes v. United Financial Group* 559 F. 2d 557  (9th Cir. 1977)..................... 7, 20

*Guardado Lopez  v. Air Pro Heating & Cooling LLC*, 25-cv-02009, 2025 WL 3166835 (D. Ariz. Nov. 13, 2025) ................................................ 24

*Gutierrez v. Girardi*, 194 Cal. App. 4th 925 (2011) ................................. 14

*H&C Global Supplies SA de CV v. Pandol Associates Marketing, Inc.*, 1:13-cv-0827, 2013 WL 5954812 (C.D. Cal. Nov. 6, 2013) ........................... 17

*Harrell v. Restaurante*, 5:24-cv-00938, 2024 WL 5411194   (C. D. Cal. Sept. 17, 2024) ......................................................... 3, 9, 10

*Home Carpet Investment, Inc. v. Lopez*, 20-cv-1583, 2021 WL 5630619, (S.D. Cal. March 16, 2021) ......................................................... 24

*Knapp v. Invictus Protective Services LLC*, 19-cv-00878, 2019 WL 2327663, (D. Ariz. May 31, 2019) ......................................................... 10, 20

*Landstar Ranger Inc. v. Parth Enterprises, Inc.*, 725 F. Supp. 2d 916 (C.D. Cal. July 19, 2010)......................................................... 21

*Leighton v. Foster*, 8 Cal. App. 5th 467 (2017)..................................... 16

*Lollicup USA Inc. v. Precision Biotechnology Co. Ltd.*, 5:24-cv-00543, 2025 WL 2020055, (C.D. Cal. July 2, 2025) .............................. 12, 18, 20, 23

4

*McMenemy v. Colonial First Lending Group, Inc.,* 2:14-cv-001482, 2016 WL 4382696, (E.D. Cal. August 17, 2016)................................................................. 6

*Microsoft Corp. v. Rivera*, 2:17-cv-07027, 2019 WL 1641349, (C.D. Ca. April 16, 2017) ..........................................................................................................9, 19-20

*Milgrim v. Raytroniks, Inc. et al.,* 2:23-cv-07110, 2025 WL 4661107 (C.D. Cal. Sept. 30, 2025) ........................................................................................................ 4

*Mutuelles Unies v. Kroll & Linstrom*, ................................................................. 25

*North Oakland Medical Clinic v. Rogers*, 65 Cal. App. 4th 824  (1998) ............... 26

*Oasis West Realty, LLC v. Goldman*, 51 Cal. 4th 811 (2011) ................................. 11

*Pepsico Inc. v. Triunfo-Mex, Inc.* 189 F.R.D. 431 (C. D. Cal. 1999) ...................... 7

*Pepsico, Inc. v. California Security Cans,* 238 F. Supp. 2d 1172 (C.D. Cal. 2002) ................................................................................................................... 22

*Premier Financial Services, LLC v. Sayegh*, 09-cv-658, 2009 WL 2809431 (D. Ariz. Sept. 1, 2009) ............................................................................................ 12

*Protective Insurance  Company v. Willoughby*, 5:24-cv-02251, 2026 WL 1453940 (C. D. Cal. May 15, 2026)......................................................................................... 3

*Rojas v. Bottom Line Concepts LLC et al.*, 2:23-cv-02667, 2025 WL 1711398, (C.D. Cal. April 30, 2025)....................................................................................... 21

*Schutza v. Oakland Sutter Hotel L.P.,* 18-cv-947, 2019 WL 13489740 (S.D. Cal. Nov. 20, 2019)........................................................................................................ 24

MOTION FOR DEFAULT JUDGMENT

*State Comp. Ins. Fund v. ReadyLink Healthcare, Inc.,* 50 Cal. App. 5th 422 (2020) ................................................................................................................ 15

*United States v. High Country Broadcasting Co. Inc*., 3 F. 3d 1244  (9th Cir. 1993)6

*Wecosign, Inc. v. IFG Holdings, Inc*., 845 F. Supp. 2d 1072  (C.D. Cal. Jan. 23, 2012) ........................................................................................................... 21, 23

*Wells Fargo Bank N.A. v. Darmont Construction Corp. et al.,* 2:20-cv-10013, 2021 WL 5862170 (C.D. Cal. July 29, 2021) ................................................... 18

**Statutes**

Cal. Civ. Code § 3287 ................................................................................... 25

Cal. Civ. Code § 3289 ................................................................................... 26

Cal. Com. Code § 2204 .................................................................................. 11

Cal. Com. Code § 2301 .................................................................................. 11

Cal. Com. Code § 2607 .................................................................................. 11

Fed. R. Civ. P. 54 ......................................................................................... 24

Fed. R. Civ. P. 55 ....................................................................................... 1, 9

**Rules**

C. D. Cal. Local Rule 7-3 .......................................................................... 3,4, 5

C. D. Cal. Local Rule 83-2.2.2 ................................................................... 4, 5, 6

C.D. Cal. Local Rule 55-1 ............................................................................ 3, 4

MOTION FOR DEFAULT JUDGMENT

TO THE COURT, THE PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, on September 11, 2026 at 2:00 pm or as soon thereafter as may be heard, in the Courtroom 2 of Second Floor of the above-captioned Court, located at 3470 Twelfth Street, Riverside, California 92501, Plaintiff, Crown Packaging Corp ("Crown Packaging" or "Plaintiff") will and hereby does move for default judgment against LeVecke Corporation ("LeVecke" or "Defendant").

This motion is made per Fed. R. Civ. P. 55(b)(2).

This motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the accompanying Declaration of Rich Benkelman and exhibits thereto, the accompanying Declaration of Paul Mason and exhibits thereto, the Declaration of Jason Cassady and exhibits thereto, the Declaration of Joshua Kluewer and exhibits thereto, the record in this case, and such other evidence, arguments and matters as to which the Court may take notice.

Dated: August 3, 2026

Respectfully submitted,

**KLUEWER LAW P.C.**

By: */s/ Joshua T. Kluewer*
    Joshua T. Kluewer Esq.
    *Attorney for plaintiff, Crown*
    *Packaging Corp.*

1

Pursuant to Fed. R. Civ. P. 55(b)(2), plaintiff, Crown Packaging Corp. ("Plaintiff" or "Crown Packaging") hereby makes this motion for default judgment as to LeVecke Corporation ("LeVecke" or "Defendant") and states as follows:

## I.   <u>INTRODUCTION</u>

The Court should enter default judgment against LeVecke in favor of Crown Packaging.  LeVecke has failed to pay Crown Packaging for a substantial amount of packaging products that Crown Packaging provided to LeVecke.  LeVecke previously filed an answer and entered an appearance in this action. (Docket ("Dkt.") No. 11).  However, LeVecke's answer was later stricken due to the fact that LeVecke's counsel withdrew and that a corporation may not appear in an action without an attorney. (Dkt. No. 34). LeVecke was later held in default. (Dkt. No. 38).

Default judgment should be entered against LeVecke per two independent mechanisms any one of which would suffice for these purposes.  First, legal authority is clear that default judgment is an appropriate sanction where a corporation has failed to retain counsel and represent itself in court.  *Employee Painters' Trust v. Ethan Enterprises, Inc.*, 480 F. 3d 993, 998 (9th Cir. 2007). Second, default judgment should be entered against LeVecke per the factors articulated in *Eitel v. McCool,* 782 F. 2d 1470 (9th Cir. 1986).  Accordingly, default judgment should be entered against LeVecke under either mechanism.

MOTION FOR DEFAULT JUDGMENT

## II.    FACTS

As discussed in the accompanying declarations of Paul Mason, Rich Benkelman and Jason Cassady, Crown Packaging and LeVecke were parties to a business relationship whereby Crown Packaging provided LeVecke with packaging products and LeVecke was to pay for these products.  Relatively recently, LeVecke failed to pay Crown Packaging for $511,333.78 worth of packaging products that Crown Packaging provided to LeVecke.

Crown Packaging commenced this action against LeVecke on July 17, 2025 due to the fact that LeVecke failed to pay Crown Packaging for these packaging products. (Dkt. No. 1).  LeVecke filed an answer on August 25, 2025. (Dkt. No. 11). In early 2026, LeVecke commenced an assignment for the benefit of creditors. (Kluewer Decl. ¶ 2 ). On April 2, 2026, LeVecke's counsel moved to withdraw from the action. (Dkt. No. 24).  On April 30, 2026, the Court granted LeVecke's counsel's motion to withdraw. (Dkt. No. 27).  The Court ordered LeVecke to retain substitute counsel within 30 days of April 30, 2026. *Id.*   LeVecke never retained substitute counsel.  On June 10, 2026, the Court struck LeVecke's answer for LeVecke's failure to retain counsel and instructed Crown Packaging to seek a default and default judgment. (Dkt. No. 34).  On June 30, 2026 Crown Packaging made an application to hold LeVecke in default. (Dkt. No. 36).  On July 1, 2026, LeVecke was held in default. (Dkt. No. 38).

2

MOTION FOR DEFAULT JUDGMENT

### III.  <u>LEGAL ARGUMENT</u>

#### a.  <u>The Procedural Requirements for This Motion Have Been Met</u>

The procedural requirements for the instant motion have been satisfied. Crown Packaging has satisfied the requirements of C.D. Cal. Local Rule 55-1. *See Protective Insurance Company v. Willoughby*, 5:24-cv-02251, 2026 WL 1453940, * 1 (C. D. Cal. May 15, 2026) ("As a threshold matter, the Court must determine whether Plaintiff has complied with the procedural requirements of Local Rule 55-1, which coextensively governs applications for default judgment. Under this rule, an applicant must submit a declaration attesting to the following: (1) '[w]hen and against what party the default was entered'; (2) [t]he identification of the pleading to which default was entered; (3) '[w]hether the defaulting party is an infant or incompetent person'; (4) '[t]hat the Servicemembers Civil Relief Act . . . does not apply'; and (5) '[t]hat notice has been served on the defaulting party, if required by [Fed. R. Civ. P. 55(b)(2)].'"); *see also Avision Technology Co. v. TMAX Digital, Inc.*, 5:24-cv-01072, 2024 WL 5185378, * 1-2 (C. D. Cal. Sept. 15, 2024)(denying a motion for default judgment without prejudice for failure to meet the C.D. Cal. Local Rule 55-1 requirements); *see also Harrell v. Restaurante*, 5:24-cv-00938, 2024 WL 5411194 * 2 (C. D. Cal. Sept. 17, 2024)(noting that plaintiff's default judgment application properly complied with the C.D. Cal. Local Rule 55-1

requirements). As demonstrated by the accompanying Kluewer Declaration, the C.D. Cal. Local Rule 55-1 requirements have been met.  (Kluewer Decl.¶¶ 5-9).

Furthermore, Plaintiff complied with the meet and confer requirements of C.D. Cal Local Rule 7-3 and met and conferred with counsel for LeVecke before making the instant motion.  As discussed in the accompanying Kluewer Declaration, Plaintiff's counsel discussed the instant motion with counsel for LeVecke before counsel for LeVecke withdrew. (Kluewer Decl. ¶ 4). Thus, the meet and confer requirement of Local Rule 7-3 has been met.

Although Plaintiff satisfied the Local Rule 7-3 meet and confer requirement before LeVecke's counsel withdrew from this matter, the requirement does not apply to the instant motion.  The meet and confer requirement of C. D. Cal. Local Rule 7-3 only applies to parties that are properly appearing.  *See Energizer Brands, LLC v. Lumintop Technology Co. Ltd. et al.*, 19-cv-04360, 2020 WL 1279456 fn. 1 (C.D. Cal. Feb. 3, 2020) (noting that a plaintiff cannot meet and confer per Local Rule 7-3 with a defendant who has not appeared)*; see also Milgrim v. Raytroniks, Inc. et al.,* 2:23-cv-07110, 2025 WL 4661107 fn. 1 (C.D. Cal. Sept. 30, 2025)(meet and confer requirement of Local Rule 7-3 does not apply where non-movant has not appeared).  In the instant case, LeVecke is not currently properly appearing in this action. LeVecke is attempting to appear in this action *pro se*. However, LeVecke's attempted appearance contravenes C. D. Cal. Local Rule 83-2.2.2, which states that

MOTION FOR DEFAULT JUDGMENT

a corporation may not represent itself in court. Were Plaintiff to attempt to meet and confer directly with LeVecke, Plaintiff would potentially be facilitating a breach of C. D. Cal. Local Rule 83-2.2.2 by encouraging a corporation to act as its own attorney in these proceedings.    As such, Crown Packaging is prevented from attempting to meet and confer with LeVecke at this juncture in any event, as LeVecke is a corporation attempting to represent itself *pro se* in contravention of the local rules.

Finally, Plaintiff is serving the instant motion papers on LeVecke by mail. Legal authority suggests that mailing the relevant motion papers to the non-movant satisfies the meet and confer requirement of Local Rule 7-3 when the non-movant is not currently properly appearing in the action.  *See Energizer Brands, LLC v. Lumintop Technology Co. Ltd. et al.*, 19-cv-04360, 2020 WL 1279456 fn. 1 (C.D. Cal. Feb. 3, 2020).

Thus, the meet and confer requirement of Local Rule 7-3 does not apply to the instant motion, though this requirement has been satisfied in any event.

**b. <u>Default Judgment Is Warranted as Sanction for LeVecke's Violation of the Court's Orders and Local Rules</u>**

Default judgment is warranted because LeVecke has failed to retain counsel and continues to represent itself *pro se*.  C. D. Cal. Local Rule 83-2.2.2 states that a corporation cannot represent itself in court and that it must retain counsel in order to

MOTION FOR DEFAULT JUDGMENT

proceed with a litigation. Furthermore, default judgment is the appropriate remedy where a corporation fails to retain counsel. "Default judgment is the appropriate remedy when a party fails to comply with local rules requiring representation by counsel." *McMenemy v. Colonial First Lending Group, Inc.,* 2:14-cv-001482, 2016 WL 4382696, * 2 (E.D. Cal. August 17, 2016). *See also Employee Painters' Trust v. Ethan Enterprises, Inc.* 480 F. 3d 993, 998 (9th Cir. 2007) ("[Defendant] concedes that it violated Local Rule [] which requires a corporation to be represented by counsel before the court. This failure suffices to support the default judgment against the corporation."); *see also United States v. High Country Broadcasting Co. Inc.*, 3 F. 3d 1244, 1245 (9th Cir. 1993) (when a corporation refused to retain counsel to represent itself "the district court entered a default judgment against it; this was perfectly appropriate.")

In the instant case, LeVecke may not represent itself *pro se* as LeVecke is a corporation.  The Court ordered LeVecke to retain counsel within 30 days of April 30, 2026. (Dkt. No. 27). LeVecke has not done so.  Thus, default judgment should be entered against LeVecke in favor of Crown Packaging.   Even without consideration of the *Eitel* factors, default judgment is warranted against LeVecke as a sanction for LeVecke's failure to retain counsel in contravention of Local Rule 83-2.2.2 and the Court's orders.

MOTION FOR DEFAULT JUDGMENT

### c. **Default Judgment Is Warranted per the *Eitel* Factors**

### i. **The Standard on the Instant Motion**

Default judgment should be entered per the applicable legal standard. When default has been entered against a defendant, the factual allegations in the plaintiff's complaint, except those relating to damages, are taken as true. *Geddes v. United Financial Group* 559 F. 2d 557, 560 (9th Cir. 1977). "Default judgment serves to protect diligent plaintiffs from 'interminable delay and continued uncertainty' caused by an essentially unresponsive party." *Desert Trailer Systems, Inc. v. Twenty6 Letters Corp. et al.*, 17-cv-00412, 2017 WL 8117693, *1 (C.D. Cal. Aug. 04, 2017). Default judgments are more often granted than denied. *Pepsico Inc. v. Triunfo-Mex, Inc.* 189 F.R.D. 431, 432 (C. D. Cal. 1999). Factors that courts consider in determining whether to enter default judgment include:

> (1)the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool* 782 F. 2d 1470, 1471-1472 (9th Cir. 1986). As discussed more fully below, per these aforementioned *Eitel* factors, default judgment should be entered against LeVecke in favor of Crown Packaging.

### ii.    The First *Eitel* Factor

The first *Eitel* factor favors entry of default judgment. The first *Eitel* factor considers the possibility Plaintiff will suffer prejudice if default judgment is not entered. *BMO Bank N.A. v. SBR Trucking, Inc*. et al. 5:25-cv-02146, 2026 WL 396803, *2 (C.D. Cal. Jan. 21, 2026). Where the defendant has ceased its participation in an action and initiated an assignment for the benefit of creditors, the first *Eitel* factor favors entry of default judgment. *See Ace Mold (HeFei) Company Limited v. Aliphcom,* 16-cv-06006, 2017 WL 7243393, * 4 (N.D. Cal. Dec. 8, 2017) ("Here, without entry of default judgment, Plaintiff will likely be without other recourse for recovery because Defendant has withdrawn from defending this suit and has initiated liquidation proceedings, as evidenced by its notice of general assignment for the benefit of creditors . . . This factor weighs in favor of default judgment."); *see also Brightpoint Distribution LLC v. Aliphcom,* 16-cv-03837, 2017 WL 7310780, *4 (N.D. Cal. Dec. 4, 2017)("The first Eitel factor considers whether Plaintiff will suffer prejudice if default judgment is not entered. Here, without entry of default judgment, Plaintiff will likely be without other recourse for recovery because Defendant has withdrawn from defending this suit and has initiated liquidation proceedings, as evidenced by its notice of general assignment for the benefit of creditors . . . This factor weighs in favor of default judgment."); *see also Desert Trailer Systems, Inc. v. Twenty6 Letters Corp. et al*., 17-cv-00412, 2017 WL

8

MOTION FOR DEFAULT JUDGMENT

8117693, * 2 (C.D. Cal. Aug. 04, 2017) ("Plaintiff has shown a possibility of prejudice because, without default judgment, [plaintiff] will be unable to vindicate its rights in a judicial forum."); *See also Microsoft Corp. v. Rivera*, 2:17-cv-07027, 2019 WL 1641349, * 3 (C.D. Ca. April 16, 2017) ("When a defendant fails to appear and defend their claims, the plaintiff would be without recourse and suffer prejudice unless default judgment is entered."); *see also Harrell v. Restaurante*, 5:24-cv-00938, 2024 WL 5411194, * 2 (C.D. Cal. Sept. 17, 2024)("Here, [movant] will suffer prejudice because he has no other recourse for recovery if default judgment is not entered . . . Accordingly, this factor weighs in favor of entering default judgment.")

In the instant case, LeVecke has failed to "otherwise defend" this action for the purposes of Fed. R. Civ. P. 55(a). (Dkt. No. 38). LeVecke's counsel has withdrawn and LeVecke appears to have completely abandoned the action. The notice pertaining to LeVecke's assignment for the benefit of creditors states that substantially all of LeVecke's assets have been used to satisfy the claim of a senior creditor. (Kluewer Decl. Ex. 1). Crown Packaging will be without recourse without a default judgment. Thus, Crown Packaging will suffer much prejudice if default judgment is not entered. Therefore, this first *Eitel* factor favors entry of default judgment.

### iii.     The Second and Third *Eitel* Factors

Application of the second and third *Eitel* factors to the facts at hand demonstrates that default judgment should be entered. The second and third *Eitel* factors assess the merits of plaintiff's substantive claim, and the sufficiency of the complaint. Where the plaintiff has adequately alleged its claim, the second and third *Eitel* factors support entry of default judgment. *Berholtz v. P4 Meditech Analytics, LLC,* 600 F. Supp. 3d 1128, 1132-1133 (S.D. Cal. 2022). *See Harrell v. Restaurante*, 5:24-cv-00938, 2024 WL 5411194, * 2-3 (C.D. Cal. Sept. 17, 2024)(second and third *Eitel* factors weigh in favor of entry of default judgment where plaintiff's claim is adequately pled); *see also BASF Corporation v. Downtown Main, LLC,* 5:24-cv-00101, 2025 WL 1090185, * 3  (C.D. Cal. March 25, 2025)("Often considered together, the second and third *Eitel* factors assess the merits of Plaintiff's claims by addressing whether they have adequately alleged facts to state a claim under its causes of action."); *see also Fudy Printing Co. Ltd. v. Aliphcom, Inc.*, 17-cv-03863, 2019 WL 2180221, * 3 (N.D. Cal. March 7, 2019)(second and third *Eitel* factors favor default judgment where plaintiff adequately alleges breach of contract claim); *see also Knapp v. Invictus Protective Services LLC*, 19-cv-00878, 2019 WL 2327663, *1 (D. Ariz. May 31, 2019)("The second and third *Eitel* factors favor default judgment where, as in this case, the complaint sufficiently states a plausible claim for relief under the Rule 8 pleading standard."); *see also Ameris Bank v. Marah*

MOTION FOR DEFAULT JUDGMENT

*Transportation LLC*, 8:23-cv-02337,  2024 WL 5668917, *2 (C.D. Cal. Sept. 6, 2024)("Often considered together, the second and third *Eitel* factors assess the merits of [movant's] claim by addressing whether it has adequately alleged facts to state a claim under its causes of action.")

Crown Packaging has sufficiently established its first claim for breach of contract for these purposes.  Under California law, "the elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis West Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). "A contract for sale of goods may be made in any manner sufficient to show agreement, including conduct by both parties which recognizes the existence of such a contract." Cal. Com. Code § 2204 (1). "The buyer must pay at the contract rate for any goods accepted." Cal. Com. Code § 2607(1). "The obligation of the seller is to transfer and deliver and that of the buyer is to accept and pay in accordance with the contract." Cal. Com. Code § 2301. "Acceptance of goods by the buyer precludes rejection of the goods accepted." Cal. Com. Code § 2607 (2).

Crown Packaging alleges that a contract existed between Crown Packaging and LeVecke whereby Crown Packaging agreed to provide LeVecke with packaging products and LeVecke agreed to pay for those packaging products. (Dkt. No. 1, Complaint ¶ 12). Crown Packaging alleges that Crown Packaging performed its

MOTION FOR DEFAULT JUDGMENT

obligations per this contract by providing LeVecke with these packaging products. (Dkt. No. 1, Complaint ¶ 13). Crown Packaging alleges that LeVecke breached this contract by failing to pay Crown Packaging for these packaging products. (Dkt. No. 1, Complaint ¶ 14). Crown Packaging alleges that Crown Packaging has been damaged in the principal amount of $511,333.78 as a result of LeVecke's breach of contract. (Dkt. No. 1, Complaint ¶ 15).  Thus, Crown Packaging has adequately alleged its breach of contract claim and therefore these *Eitel* factors support entry of default judgment. *See Berholtz v. P4 Meditech Analytics, LLC,* 600 F. Supp. 3d 1128, 1133 (S.D. Cal. 2022)(holding that the second and third *Eitel* factor supports entry of default judgment where plaintiff's complaint adequately alleged all of the elements of a breach of contract claim); *see also Crosby v. Opperman,* 06-cv-2012, 2008 WL 1776505 (D. Ariz. April 15, 2008)(granting default judgment on a breach of contract claim, among other claims); *see also Premier Financial Services, LLC v. Sayegh*, 09-cv-658, 2009 WL 2809431 (D. Ariz. Sept. 1, 2009); *see also Lollicup USA Inc. v. Precision Biotechnology Co. Ltd*., 5:24-cv-00543, 2025 WL 2020055, * 3-4 (C.D. Cal. July 2, 2025)(the second and third *Eitel* factors weigh in favor of entry of default judgment where plaintiff adequately alleges its breach of contract claim); *see also Ameris Bank v. Marah Transportation LLC*, 8:23-cv-02337, 2024 WL 5668917, * 3 (C.D. Cal. Sept. 6, 2024)("The Court finds [movant] adequately states

MOTION FOR DEFAULT JUDGMENT

a claim for breach of contract. As such, the second and third *Eitel* factors weigh in favor of entering default judgment on [movant's] claims.").

The adequacy of Crown Packaging's breach of contract claim is further supported by the accompanying declarations of Paul Mason, Jason Cassady and Rich Benkelman. Although these *Eitel* factors favor default judgment per Plaintiff's allegations, the accompanying declarations further buttress Plaintiff's allegations. Crown Packaging and LeVecke were parties to a contract whereby Crown Packaging agreed to provide LeVecke with packaging products and LeVecke agreed to pay for these products. (Mason Decl. ¶¶ 3, 5; Benkelman Decl. ¶¶ 2, 4; Cassady Decl. ¶¶ 3, 5). Crown Packaging provided LeVecke with all of the relevant packaging products as agreed, thereby performing its obligations per this agreement. (Mason Decl. ¶6; Benkelman Decl. ¶ 5; Cassady Decl. ¶6). LeVecke breached the contract with Crown Packaging by failing to pay Crown Packaging in full for these packaging products. (Mason Decl. ¶6; Benkelman Decl. ¶ 5; Cassady Decl. ¶6). As a result of LeVecke's breach of contract, Crown Packaging has suffered damages in the principal amount of $511,333.78. (Mason Decl. ¶6; Benkelman Decl. ¶ 5; Cassady Decl. ¶6).

In the alternative to its breach of contract claim, Crown Packaging has adequately established several other claims against LeVecke. To be clear, Crown Packaging need only have adequately pled one of its claims for these *Eitel* factors to

MOTION FOR DEFAULT JUDGMENT

support default judgment.  As discussed below, Crown Packaging has adequately alleged five such claims.

Crown Packaging has adequately established a money had and received claim against LeVecke.  "A cause of action is stated for money had and received if the defendant is indebted to the plaintiff in a certain sum 'for money had and received by the defendant for the use of the plaintiff.' . . . This common count is available in a great variety of situations . . . and 'lies wherever one person has received money which belongs to another, and which in equity and good conscience should be paid over to the latter.'" *Gutierrez v. Girardi*, 194 Cal. App. 4th 925, 937 (2011).   In the instant case, Crown Packaging has alleged that LeVecke is in possession of $511,333.78 in principal that in equity and good conscience should be paid to Crown Packaging as LeVecke has received $511,333.78 in packaging products for which LeVecke has not paid. (Dkt. No. 1, Complaint ¶¶ 19-20). Crown Packaging alleged that there has been a total failure of consideration with respect to the packaging products for which LeVecke has not paid. *Id*. Crown Packaging alleges that LeVecke owes Crown Packaging a sum certain. *Id*. Therefore, Crown Packaging has adequately alleged a money had and received claim.

Crown Packaging has adequately alleged an open book account claim against LeVecke.   "The elements of an open book account cause of action are: '1. That [plaintiff] and [defendant] had financial transactions ... ; [¶] 2. That [plaintiff] ... kept

[an] account of the debits and credits involved in the transactions; [¶] 3. That [defendant] owes [plaintiff] money on the account; and [¶] 4. The amount of money that [defendant] owes [plaintiff].'" *State Comp. Ins. Fund v. ReadyLink Healthcare, Inc.,* 50 Cal. App. 5th 422, 449 (2020).  In the instant case, Crown Packaging alleges that Crown Packaging and LeVecke engaged in a financial transaction whereby Crown Packaging agreed to provide packaging products to LeVecke and LeVecke agreed to pay for those products. (Dkt. No. 1, Complaint ¶ 24). Crown Packaging alleges that Crown Packaging kept an account of debits and credits in connection with the transaction between Crown Packaging and LeVecke Corporation. This account of debits and credits was a detailed statement, which constitutes the principal record of several transactions between Crown Packaging as a creditor and LeVecke Corporation as a debtor arising out of a contractual relationship.  Crown Packaging created this account in the ordinary course of business. Crown Packaging maintained this account in a reasonably permanent manner. (Dkt. No. 1, Complaint ¶ 25). Crown Packaging alleges that LeVecke owes Crown Packaging money in connection with this open book account. (Dkt. No. 1, Complaint ¶ 26). Crown Packaging alleges that the amount of money that LeVecke owes Crown Packaging in connection with this open book account is $511,333.78. (Dkt. No. 1, Complaint ¶ 27). Thus, Crown Packaging has adequately alleged an open book account claim.

15

Crown Packaging has adequately alleged an account stated claim.  "The essential elements of an account stated are: (1) previous transactions between the parties establishing the relationship of debtor and creditor; (2) an agreement between the parties, express or implied, on the amount due from the debtor to the creditor; (3) a promise by the debtor, express or implied, to pay the amount due." *Leighton v. Foster*, 8 Cal. App. 5th 467, 491 (2017).  In the instant case, Crown Packaging alleges that Crown Packaging and LeVecke were engaged in a financial transaction whereby LeVecke was a debtor and Crown Packaging was a creditor. Specifically, Crown Packaging alleges that Crown Packaging provided packaging products to LeVecke for which LeVecke has not paid. (Dkt. No. 1, Complaint ¶ 32). Crown Packaging alleges that LeVecke agreed to pay Crown Packaging $511,333.78 in principal for these packaging products. (Dkt. No. 1, Complaint ¶ 33). Crown Packaging alleges that LeVecke has promised to pay Crown Packaging this money for these packaging products.  *Id*.  Thus, Crown Packaging has adequately alleged an account stated claim against LeVecke.

Crown Packaging has adequately alleged its goods sold and delivered claim. "The essential elements of an action for money and/or goods had and received are (1) a statement of indebtedness of a certain sum, (2) the consideration made by the plaintiff, and (3) nonpayment of the debt." *H&C Global Supplies SA de CV v. Pandol Associates Marketing, Inc.*, 1:13-cv-0827, 2013 WL 5954812, * 3 (C.D. Cal. Nov.

16

6, 2013); *First Interstate Bank v. State of California*, 197 Cal. App. 3d 627, 635 (1987). In the instant case, Crown Packaging alleges that there is a statement of indebtedness and that LeVecke owes Crown Packaging $511,333.78 in principal. (Dkt. No. 1, Complaint ¶ 38). Crown Packaging alleges that Crown Packaging provided consideration to LeVecke as Crown Packaging provided LeVecke with packaging products. (Dkt. No. 1, Complaint ¶ 39). Crown Packaging alleges that LeVecke has not paid Crown Packaging for these packaging products. (Dkt. No. 1, Complaint ¶ 39). Therefore, Crown Packaging has adequately substantiated a claim for goods sold and delivered.

Crown Packaging has adequately alleged five claims against LeVecke any one of which would allow these *Eitel* factors to weigh in favor of granting a default judgment. Therefore, the second and third *Eitel* factors support entry of default judgment.

### iv.    **The Fourth *Eitel* Factor**

The fourth *Eitel* factor supports the contention that default judgment should be entered. This fourth factor considers the sum of money at stake in the action. "The fourth *Eitel* factor balances the sum of money at stake with the 'seriousness of the action.'" *Construction Laborers Trust Funds for Southern California Administrative Company v. Anzalone Masonry Inc*., 316 F. Supp. 3d 1192, 1201 (C.D. Cal. 2018). *See also Desert Trailer Systems, Inc. v. Twenty6 Letters Corp. et*

MOTION FOR DEFAULT JUDGMENT

*al*, 17-cv-00412, 2017 WL 8117693, * 2 (C.D. Cal. Aug. 04, 2017) (Finding that the fourth factor weighs in favor of entry of default judgment where "the sum of money at stake isn't indeterminate or excessive—rather, it is for a sum certain and accurately represent the damages incurred here."); *see also Crosby v. Opperman*, 06-cv-2012, 2008 WL 1776505, * 3 (D. Ariz. April 15, 2008)(where plaintiff's allegations and evidence demonstrate that plaintiff's claimed damages directly result from defendant's breach of contract, this factor weighs in favor of entry of default judgment); *see also Wells Fargo Bank N.A. v. Darmont Construction Corp. et al.,* 2:20-cv-10013, 2021 WL 5862170, * 4 (C.D. Cal. July 29, 2021)(this *Eitel* factor weighs in favor of entry of default judgment where the plaintiff's requested damages directly flow from a breach of contract); *see also Ameris Bank v. Soorma Trucking LLC,* 8:24-cv-02021, 2025 WL 71081, * 2 (C.D. Cal. Jan. 8, 2025)(fourth *Eitel* factor weighs in favor of default judgment where plaintiff seeks damages that arise from defendant's breach of contract); *see also Lollicup USA Inc. v. Precision Biotechnology Co. Ltd.*, 5:24-cv-00543, 2025 WL 2020055, * 4 (C.D. Cal. July 2, 2025)(fourth *Eitel* factor favors default judgment where plaintiff seeks damages flowing from defendant's breach of contract in addition to pre-judgment interest at a rate of 10 percent under California state law).

In the instant case, the damages that Crown Packaging is claiming flow directly from LeVecke's breach of contract with Crown Packaging. (Dkt. No. 1,

18

Complaint ¶ 15). As demonstrated by the Mason Declaration, Benkelman Declaration and Cassady Declaration, LeVecke owes Crown Packaging $511,333.78 in principal for the packaging products that Crown Packaging provided to LeVecke for which LeVecke has not paid. (Benkelman Decl. ¶¶3, 5, 6, Exs. 1, 2)(Cassady Decl.¶¶2, 6, Exs. 1, 2)(Mason Decl. ¶¶2, 4, 6, Exs. 1, 2). The principal amount of damages that Crown Packaging is claiming is the precise principal amount of LeVecke's non-payment. The damages Crown Packaging seeks are directly correlated to LeVecke's failure to pay Crown Packaging. Therefore, this fourth *Eitel* factor favors default judgment.

### v. The Fifth *Eitel* Factor

The fifth *Eitel* factor supports the conclusion that default judgment should be entered. The *Eitel* factor considers the possibility that material facts are disputed. *Construction Laborers Trust Funds for Southern California Administrative Company v. Anzalone Masonry Inc.*, 316 F. Supp. 3d 1192, 1201 (C.D. Cal. 2018). Where a defendant has been held in default, this fifth *Eitel* factor supports entry of default judgment. "Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists. This factor therefore indicates the propriety of entry of default judgment." *Elektra Entertainment Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005); *see also Microsoft Corp. v. Rivera*, 2:17-cv-

19

07027, 2019 WL 1641349, * 5 (C.D. Cal. April 16, 2019) ("Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages . . . Here, because [defendant] defaulted, [plaintiff's] facts supporting its claims are undisputed. Accordingly, the fifth *Eitel* factor favors entry of default judgment.")"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977); *see also Lollicup USA Inc. v. Precision Biotechnology Co. Ltd.*, 5:24-cv-00543, 2025 WL 2020055, * 4 (C.D. Cal. July 2, 2025)(fifth *Eitel* factor weighs in favor of entry of default judgment where defendant has been held in default and plaintiff's allegations have been deemed true); *see also Knapp v. Invictus Protective Services LLC*, 19-cv-00878, 2019 WL 2327663, *1 (D. Ariz. May 31, 2019)(holding this fifth factor supports granting of motion for default judgment where "Given the sufficiency of the complaint and Defendants' lack of participation in this case, 'no genuine dispute of material facts would preclude granting [Plaintiff's] motion.'")

In the instant case, LeVecke has been held in default. (Dkt. No. 38). Because LeVecke has been held in default, the allegations in Crown Packaging's complaint, except those pertaining to damages, are deemed true. Because these allegations are deemed true, there is no possibility of dispute over material facts. Thus, the fifth *Eitel* factor favors default judgment.

MOTION FOR DEFAULT JUDGMENT

### vi.    The Sixth *Eitel* Factor

The sixth *Eitel* factor supports entry of default judgment. "The sixth *Eitel* factor considers whether defendant's default may have been the product of excusable neglect." *Landstar Ranger Inc. v. Parth Enterprises, Inc.*, 725 F. Supp. 2d 916, 922 (C.D. Cal. July 19, 2010).  This factor favors default judgment when the plaintiff demonstrates that the defendant is aware of the lawsuit. *Rojas v. Bottom Line Concepts LLC et al.*, 2:23-cv-02667, 2025 WL 1711398, *4 (C.D. Cal. April 30, 2025). *See Wecosign, Inc. v. IFG Holdings, Inc*., 845 F. Supp. 2d 1072, 1082-1083 (C.D. Cal. Jan. 23, 2012) ("Here, Defendants … were properly served and initially participated in this litigation, and thus, their default did not occur because of excusable neglect."); *see also Craigslist Inc. v. Naturemarket Inc.,* 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010) ("Thus, Plaintiff has proffered evidence showing Defendants were clearly aware of the pending litigation. Consequently, it is unlikely Defendants' failure to appear and litigate this matter was based on excusable neglect. Therefore, this factor favors entry of default judgment."); *see also Ameris Bank v. Soorma Trucking LLC,* 8:24-cv-02021, 2025 WL 71081, * 2 (C.D. Cal. January 8, 2025)("Defendant's voluntary decision to allow default to be entered contradicts any argument for excusable neglect.")

In the instant case, there is no question that LeVecke is aware of this lawsuit. LeVecke appeared in this action, filing an answer. (Dkt. No. 11).  Furthermore,

21

MOTION FOR DEFAULT JUDGMENT

numerous documents pertaining to this matter were served on LeVecke after LeVecke's counsel withdrew from the action. (Dkt. Nos. 28, 29, 35).  Because the evidence shows that LeVecke is clearly aware of this action, there is no possibility of excusable neglect. Thus, the sixth *Eitel* factor favors entry of default judgment.

### vii.    The Seventh *Eitel* Factor

The seventh *Eitel* factor does not undercut the fact that default judgment should be entered.  "Under the seventh *Eitel* factor, the court takes into account the strong policy favoring decisions on the merits." *Blumenthal Distributing, Inc. v. Comoch Inc*., 652 F.Supp.3d 1117, 1131 (C.D. Cal. 2023). When a defendant ceases to participate in an action, this factor does not preclude entry of default judgment. *See Ace Mold (HeFei) Company Limited v. Allphcom,* 16-cv-06006, 2017 WL 7243393, * 4 (N.D. Cal. Dec. 8, 2017); *see also Pepsico, Inc. v. California Security Cans,* 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)(Defendant's failure to defend the case  "makes a decision on the merits impractical, if not impossible."); *see also Brightpoint Distribution LLC v. Aliphcom,* 16-cv-03837, 2017 WL 7310780, *5 (N.D. Cal. Dec. 4, 2017)(same); *see also Desert Trailer Systems, Inc. v. Twenty6 Letters Corp. et. al*., 17-cv-00412, 2017 WL 8117693, * 2 (C.D. Cal. Aug. 04, 2017) (Finding that the seventh factor does not preclude default judgment where "a decision on the merits, though generally preferable, is impossible here because Defendants haven't participated in this litigation (perhaps suggesting they have

22

nothing to present on the merits)."); *see also Wecosign, Inc*. v. IFG Holdings, Inc., 845 F. Supp. 2d 1072, 1083 (C.D. Cal. 2012)("[W]here a defendant fails to appear and respond as occurred here, a decision on the merits is impossible and default judgment is appropriate . . . Thus, this factor weighs in favor of default judgment.") *see also Lollicup USA Inc. v. Precision Biotechnology Co. Ltd*., 5:24-cv-00543, 2025 WL 2020055, * 5 (C.D. Cal. July 2, 2025)("[T]he very existence of Federal Rule of Civil Procedure 55(b)  suggests this policy alone is not dispositive.") In the instant case, LeVecke's non-participation in this action  makes a decision on the merits impossible. Thus, this seventh *Eitel* factor does not disfavor entry of default judgment.

Furthermore, even if this seventh factor did  disfavor default judgment, courts find that entry of default judgment is appropriate even where this seventh factor is lacking. *See Duralar Technologies LLC v. Plasma Coating Technologies Inc*., 848 Fed. App'x. 252, 255 (9th Cir. 2021)("The district court found that all of the *Eitel* factors except the seventh and final one weigh [in favor of default judgment]. Each of these rulings falls within the range of possible conclusions that the district court could have drawn from the facts and information in the record. As such, the district court did not abuse its discretion by entering a default judgment.")

MOTION FOR DEFAULT JUDGMENT

### d. **Crown Packaging Has Adequately Demonstrated Its Damages**

Per the relevant legal standard, Crown Packaging adequately demonstrates its damages in connection with the instant motion for default judgment. " [A] '[p]laintiff's burden in 'proving up' damages is relatively lenient' in the default judgment context." *Air Doctor, LLC v. Xiamen Qichuang Trade Co. Ltd*., 134 F. 4th 552, 557 (9th Cir. 2025). "Injury is established and plaintiff need prove only that the compensation sought relates to the damages that naturally flow from the injuries pled." *Elektra Entertainment Group Inc. et al. v. Bryant*, 03-cv-6381, 2004 WL 783123, * 2 (C.D. Cal. Feb. 13, 2004).  In determining damages for these purposes, the "court can rely on the declarations submitted by the plaintiff." *Guardado Lopez v. Air Pro Heating & Cooling LLC*, 25-cv-02009, 2025 WL 3166835, *1 (D. Ariz. Nov. 13, 2025). *See also Home Carpet Investment, Inc. v. Lopez*, 20-cv-1583, 2021 WL 5630619, * 5 (S.D. Cal. March 16, 2021)(same). "When 'proving-up' damages, Plaintiff may submit declarations." *Schutza v. Oakland Sutter Hotel L.P.,* 18-cv-947, 2019 WL 13489740, * 6 (S.D. Cal. Nov. 20, 2019).   Per Fed. R. Civ. P. 54(c), a default judgment may not differ in kind or form or exceed the amount demanded in the complaint.

In the instant case, Crown Packaging is seeking $511,333.78 in principal as its damages.  Crown Packaging alleges that it is entitled to this principal amount in the complaint in addition to interest. (Dkt. No. 1 ¶¶ 8, 15, 16). The evidence

demonstrates that the principal amount of Crown Packaging's damages is $511,333.78. As discussed in the accompanying Benkelman Declaration, Crown Packaging was damaged in the principal amount of $511,333.78 as a result of LeVecke's non-payment. (Benkelman Decl. ¶ ¶3, 5, 6, Exs. 1, 2). Similarly, as discussed in the accompanying Cassady Declaration, Crown Packaging was damaged in the principal amount of $511,333.78 as a result of LeVecke's non-payment. (Cassady Decl. ¶ ¶2, 6, Exs. 1, 2). In much the same way, as discussed in the accompanying Mason Declaration, Crown Packaging was damaged in the principal amount of $511,333.78 as a result of LeVecke's non-payment. (Mason Decl. ¶ ¶2, 4, 6, Exs. 1, 2). Thus, the evidence demonstrates that Crown Packaging has suffered $511,333.78 in damages in connection with this matter.

### e. Crown Packaging Is Entitled to Pre-Judgment Interest

Crown Packaging is entitled to pre-judgment interest on the damages that it suffered as a result of LeVecke's conduct. "In diversity jurisdiction, state law governs all awards of prejudgment interest." *Mutuelles Unies v. Kroll & Linstrom*, 957 F. 2d 707, 714 (9th Cir. 1992). Per Cal. Civ. Code § 3287(a), "[a] person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in the person upon a particular day, is entitled also to recover interest thereon from that day, except when the debtor is prevented by law, or by the act of the creditor from paying the debt." "Under

section 3287 subdivision (a) the court has no discretion, but must award prejudgment interest upon request, from the first day there exists both a breach and a liquidated claim." *North Oakland Medical Clinic v. Rogers*, 65 Cal. App. 4th 824, 828 (1998). Per Cal. Civ. Code § 3289(b), "[i]f a contract entered into after January 1, 1986, does not stipulate a legal rate of interest, the obligation shall bear interest at a rate of 10 percent per annum after breach." Thus, in the instant case, Crown Packaging is entitled to a 10 percent pre-judgment interest rate on the damages it has suffered.

As discussed in the accompanying Kluewer Declaration, Crown Packaging is seeking $107,365.06  in interest in connection with this matter.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, the instant motion should be granted and default judgment should be entered in favor of Crown Packaging against LeVecke.

Dated: August 3, 2026

Respectfully submitted,

**KLUEWER LAW P.C.**

By: */s/ Joshua T. Kluewer*
    Joshua T. Kluewer Esq.
    *Attorney for plaintiff, Crown*
    *Packaging Corp.*

MOTION FOR DEFAULT JUDGMENT

# **L.R. 11-6.2. Certificate of Compliance**

The undersigned, counsel of record for Plaintiff Crown Packaging Corp, certifies that this brief contains 6,300 words, which complies with the word limit of L.R. 11-6.1.

This word count excludes the cover page, table of contents, table of authorities and this instant certificate of compliance.

DATED: August 3, 2026

*/s/ Joshua Kluewer*
Joshua Kluewer

27

MOTION FOR DEFAULT JUDGMENT

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I am employed by the law firm of Kluewer Law P.C., 835 Wilshire Blvd. 5th Floor Los Angeles, CA 90017 and on the 2nd day of August 2026, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which automatically sent email notification to all counsel who have entered an appearance in this action.


*By: /s/ Joshua Kluewer*
Joshua Kluewer